UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KENNETH BROBSTON,**

                      **Plaintiff,**                    9:10-cv-242
                                                                     (GLS/RFT)

            v.

**DEBORAH SCHULT et al.**,

                      **Defendants**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Kenneth Brobston<br>Pro Se<br>12247-026<br>Three Rivers<br>MC-4<br>Federal Correctional Institution<br>Inmate Mail/Parcels<br>P.O. Box 4200<br>Three Rivers, TX 78071 | |
| **FOR THE DEFENDANTS:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Office of the United States Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY 13261 | CHARLES E. ROBERTS<br>Assistant United States Attorney |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Kenneth Brobston brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging his constitutional rights were violated while he was incarcerated at Federal Correctional Institution in Ray Brook.  (*See* Compl., Dkt. No. 1.)  In a Report-Recommendation and Order (R&R) filed September 28, 2011, Magistrate Judge Randolph F. Treece recommended that the defendants' motion be granted and Brobston's Complaint be dismissed.[1]  (*See generally* R&R, Dkt. No. 42.)  Pending are Brobston's objections to the R&R.  (Dkt. No. 43.)  For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.*

### III.  Discussion

To the extent specific objections to the R&R can be gleaned from Brobston's objections, they are that: (1) Judge Treece erred when he found Brobston exhausted administrative remedies; (2) he stated a cognizable Eighth Amendment claim; and (3) defendants' violated institutional policies with respect to his criminal conviction for possession of a prohibited object. (*See generally* Dkt. No. 43.)  However, as discussed below, these objections are irrelevant and thus, will be construed as general objections.

Brobston's first and third objections, regarding the exhaustion of administrative remedies and the circumstances surrounding his criminal conviction, are immaterial to Judge Treece's dismissal recommendation. (*See* R&R at 13, 18-20; Dkt. No. 42.)  Although Judge Treece—in the interest of thoroughness—discussed the unresolved questions of fact with respect to the exhaustion of administrative remedies, and the interplay between Brobston's criminal case and the instant case, his

3

recommendation for dismissal was based on Brobston's failure to state cognizable Eighth Amendment and retaliation claims. (*See id.* at 10-20.)

Similarly, Brobston's second objection, which appears to challenge the objective reasonableness of preventing him from using the bathroom for an hour and a half, is also misdirected. (*See* Dkt. No. 43 at 3.) Notwithstanding Brobston's contention, Judge Treece concluded that Brobston's Eighth Amendment cause of action failed because "it is clear that Defendants did not act with the requisite state of mind." (R&R at 16; Dkt. No. 42); *see, e.g., Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002).

Because Brobston objected to only extraneous matters, *i.e.,* non-dispositive grounds, the court concludes that a *de novo* review of Brobston's Eighth Amendment and retaliation claims is unnecessary.

## IV.  Conclusion

Having found no clear error in the R&R, the court accepts and adopts Judge Treece's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's September 28, 2011 Report-Recommendation and Order (Dkt. No. 42) is **ADOPTED** in

4

its entirety; and it is further

**ORDERED** that defendants' motion (Dkt. No. 29) is **GRANTED** and all Brobston's claims are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

November 3, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge